**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER A. BRIGGS,**

    Plaintiff,

vs.                                      **Case No.: 8:05-CV-1325-EAJ**

**KATHRYN A. BRIGGS AND**
**DANIEL J. LEE,**

    Defendants.

_____/

**ORDER**

This cause comes on for consideration of Defendant **Lee's Motion to Quash Service or Strike Notice of Filing "Return of Service" - Doc. 16** (Dkt. 17) filed on February 26, 2006. Also before the court is **Plaintiff's Response to Lee's Motion to Quash Service or Strike Notice of Filing "Return of Service" - Doc. 16** (Dkt. 22) and Plaintiff's **Memorandum of Law in Support of Plaintiff's Response to Lee's Motion to Quash Service or Strike Notice of Filing "Return of Service" - Doc. 16** (Dkt. 23) filed on March 8, 2006. For the reasons set forth below, Defendant Lee's motion is granted.

The record reflects that the Northern District of Illinois issued a summons as to Defendant Lee on July 5, 2005. On July 8, 2005, the case was transferred to the Middle District of Florida. Defendant Lee argues that the summons issued on July 5, 2005, should be stricken as insufficient to require him to defend in the Middle District of Florida.[1] In addition, Defendant argues that the

---

[1] Because the court finds that Plaintiff failed to comply with Fed. R. Civ. P. 4(m), it is not necessary for the court to address whether the summons from the Northern District of Illinois was sufficient to require Defendant Lee to defend in this jurisdiction.

court should dismiss the suit as to Lee for failure to comply with Fed. R. Civ. P. 4(m).[2]  In response, Plaintiff argues that his lack of legal training should be considered in determining whether good cause exists for non-compliance with Rule 4(m).

Plaintiff failed to comply with Fed. R. Civ. P. 4(m) because he did not serve the summons and complaint on Defendant Lee within the 120-day time period required by the rule. The summons was issued on July 5, 2005, and Defendant Lee was served on December 7, 2005 (Dkt. 16), well outside the 120-day limit. While the court understands that Plaintiff is appearing pro se, he must still comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this district. See generally Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (pro se representation does not excuse a party from complying with court orders and with the Federal Rules of Civil Procedure); Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994) (same).

It is, upon consideration, **ORDERED** and **ADJUDGED** that **Lee's Motion to Quash Service or Strike Notice of Filing "Return of Service" - Doc. 16** (Dkt. 17) is **GRANTED**.  The lawsuit is **DISMISSED WITHOUT PREJUDICE** as to Defendant Lee due to failure to comply with Fed. R. Civ. P. 4(m).

**DONE AND ORDERED** at Tampa, Florida this 21st day of March, 2006.

---

[2] Fed. R. Civ. P. 4(m) states in pertinent part:
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service to be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

_____
ELIZABETH A JENKINS
United States Magistrate Judge